FILED

2010 NOV 19 PM 2:16

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

BY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2010 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. NAZAR AL BUSSAM, Defendant. | CR No. 10- CR10 1260 |
| | INDICTMENT |
| | [21 U.S.C. § 846: Conspiracy to Distribute Oxycodone, Hydromorphone, Hydrocodone, Alprazolam, and Promethazine with Codeine; 21 U.S.C. §§ 841(a)(1), (b)(1)(C), (b)(1)(D), (b)(2): Distribution of Oxycodone, Hydromorphone, Hydrocodone, and Alprazolam; 18 U.S.C. § 2(b): Causing an Act To Be Done; 21 U.S.C. § 853: Criminal Forfeiture] |

The Grand Jury charges:

GENERAL ALLEGATIONS

At all times relevant to this indictment:

1. Defendant NAZAR AL BUSSAM ("AL BUSSAM") was a medical doctor licensed by the Medical Board of California to practice medicine in the State of California.

2. Defendant AL BUSSAM maintained a Drug Enforcement Administration ("DEA") registration number that allowed him to order, dispense, and prescribe controlled substances.

AAN/BRB:VOCS/OCDETF

3. Defendant AL BUSSAM operated medical offices in Downey and Los Angeles, California, within the Central District of California, from which he and co-conspirators issued prescriptions for controlled substances to persons who did not identify or possess a legitimate medical need for those prescriptions.

COUNT ONE

[21 U.S.C. § 846]

A. OBJECTS OF THE CONSPIRACY

1. The Grand Jury hereby repeats and realleges paragraphs 1 through 3 of the General Allegations as if fully set forth herein.

2. Beginning on a date unknown to the Grand Jury, and continuing to on or about October 20, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant AL BUSSAM, together with others known and unknown to the Grand Jury, conspired to commit one or more of the following offenses:

a. distribution of oxycodone, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C);

b. distribution of hydromorphone, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C);

c. distribution of hydrocodone, a Schedule III narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(E)(i);

d. distribution of alprazolam, a Schedule IV controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(2);

e. distribution of promethazine with codeine, a Schedule V narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(3).

//

B. MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished in substance as follows:

1. Defendant AL BUSSAM, and others known and unknown to the Grand Jury, would meet with individuals who sought to obtain oxycodone, hydromorphone, hydrocodone, alprazolam, and promethazine with codeine, among other drugs, without a legitimate medical need for those controlled substances.

2. Defendant AL BUSSAM, and others known and unknown to the Grand Jury, would provide prescriptions for oxycodone, hydromorphone, hydrocodone, alprazolam, and promethazine with codeine, among other drugs, to the individuals seeking those drugs and for which they had no legitimate medical need.

3. Defendant AL BUSSAM would use, and cause the use of, his DEA registration number and his medical license, to prescribe oxycodone, hydromorphone, hydrocodone, alprazolam, and promethazine with codeine, among other drugs, to individuals who did not have a legitimate medical need for those controlled substances.

4. Defendant AL BUSSAM, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, would authorize others known and unknown to the Grand Jury, who were not licensed physicians, to prescribe and distribute oxycodone, hydromorphone, hydrocodone, alprazolam, and promethazine with codeine to individuals who did not have a legitimate medical need for those controlled substances.

C. OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, defendant AL BUSSAM, and others known and unknown to the Grand Jury, committed various overt acts, on or about the following dates, within the Central District of California, including, but not limited to, the following:

1. From at least October 2007 through October 20, 2010, defendant AL BUSSAM, and others known and unknown to the Grand Jury, used, and caused the use of, AL BUSSAM's DEA registration number to distribute approximately 312 prescriptions for pills containing oxycodone/APAP ("oxycodone pills").

2. From at least October 2007 through October 20, 2010, defendant AL BUSSAM, and others known and unknown to the Grand Jury, used, and caused the use of, AL BUSSAM's DEA registration number to distribute approximately 3,995 prescriptions for pills containing hydromorphone ("hydromorphone pills").

3. From at least October 2007 through October 20, 2010, defendant AL BUSSAM, and others known and unknown to the Grand Jury, used, and caused the use of, AL BUSSAM's DEA registration number to distribute approximately 31,954 prescriptions for pills containing hydrocodone ("hydrocodone pills").

4. From at least October 2007 through October 20, 2010, defendant AL BUSSAM, and others known and unknown to the Grand Jury, used, and caused the use of, AL BUSSAM's DEA registration number to distribute approximately 24,187 prescriptions for pills containing alprazolam ("alprazolam pills").

5. From at least October 2007 through October 20, 2010, defendant AL BUSSAM, and others known and unknown to the Grand

Jury, used, and caused the use of, AL BUSSAM's DEA registration number to distribute prescriptions for a substance containing promethazine with codeine ("promethazine with codeine").

6. On January 26, 2009, defendant AL BUSSAM met with an undercover special agent of the Drug Enforcement Administration ("UC-1") and did not conduct a legitimate medical examination of UC-1.

7. On January 26, 2009, defendant AL BUSSAM prescribed and distributed 150 hydrocodone pills to UC-1, without a legitimate medical need.

8. On February 23, 2009, defendant AL BUSSAM met with UC-1 and did not conduct any medical examination of UC-1.

9. On February 23, 2009, defendant AL BUSSAM, and others known and unknown to the Grand Jury, prescribed and distributed 150 oxycodone pills and 100 alprazolam pills to UC-1, without a legitimate medical need.

10. On April 20, 2009, defendant AL BUSSAM met with UC-1 and did not conduct a legitimate medical examination of UC-1.

11. On April 20, 2009, defendant AL BUSSAM prescribed and distributed 150 oxycodone pills and 100 alprazolam pills to UC-1, without a legitimate medical need.

12. On May 27, 2009, defendant AL BUSSAM met with UC-1 and did not conduct a legitimate medical examination of UC-1.

13. On May 27, 2009, defendant AL BUSSAM prescribed and distributed 150 oxycodone pills and 100 alprazolam pills, among other drugs, to UC-1, without a legitimate medical need.

14. On June 4, 2009, defendant AL BUSSAM met with an undercover investigator of the California Medical Board ("UC-2"),

and defendant AL BUSSAM told UC-2 that UC-2 was addicted to pain medication and was using pain medication for recreational purposes.

15. On June 4, 2009, defendant AL BUSSAM prescribed and distributed 150 oxycodone pills and 100 alprazolam pills, among other drugs, to UC-2, without a legitimate medical need.

16. On July 2, 2009, defendant AL BUSSAM met with UC-2 and did not conduct a legitimate medical examination of UC-2.

17. On July 2, 2009, defendant AL BUSSAM prescribed and distributed 150 oxycodone pills and 100 alprazolam pills, among other drugs, to UC-2, without a legitimate medical need.

18. On March 25, 2010, defendant AL BUSSAM met with UC-2 and did not conduct any medical examination of UC-2.

19. On March 25, 2010, defendant AL BUSSAM prescribed and distributed 120 hydromorphone pills and 100 alprazolam pills, among other drugs, to UC-2, without a legitimate medical need.

20. On June 4, 2010, defendant AL BUSSAM met with UC-1 and did not conduct any medical examination of UC-1.

21. On June 4, 2010, defendant AL BUSSAM prescribed and distributed 150 oxycodone pills and 100 alprazolam pills, as well as promethazine with codeine, and other drugs, to UC-1, without a legitimate medical need.

22. On July 7, 2010, an unindicted co-conspirator employed by defendant AL BUSSAM told an undercover task force officer of the DEA ("UC-3") that UC-3 should make up an injury in order to obtain a prescription from defendant AL BUSSAM for pain medication.

23. On July 7, 2010, defendant AL BUSSAM, and others known and unknown to the Grand Jury, prescribed and distributed 120 hydromorphone pills and 100 alprazolam pills, as well as promethazine with codeine, among other drugs, to UC-3, without a legitimate medical need.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(E)]

On or about January 26, 2009, in Los Angeles County, within the Central District of California, and elsewhere, defendant NAZAR AL BUSSAM, then a physician licensed to practice medicine in the State of California, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, knowingly and intentionally prescribed and distributed hydrocodone, a Schedule III narcotic drug controlled substance.

COUNTS THREE through EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant NAZAR AL BUSSAM, then a physician licensed to practice medicine in the State of California, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, knowingly and intentionally prescribed and distributed oxycodone, a Schedule II narcotic drug controlled substance:

| COUNT | DATE |
| --- | --- |
| THREE | February 23, 2009 |
| FOUR | April 20, 2009 |
| FIVE | May 27, 2009 |
| SIX | June 4, 2009 |
| SEVEN | July 2, 2009 |
| EIGHT | June 4, 2010 |

COUNT NINE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about March 25, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant NAZAR AL BUSSAM, then a physician licensed to practice medicine in the State of California, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, knowingly and intentionally prescribed and distributed hydromorphone, a Schedule II narcotic drug controlled substance.

COUNTS TEN through SIXTEEN

[21 U.S.C. §§ 841(a)(1), (b)(2)]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant NAZAR AL BUSSAM, then a physician licensed to practice medicine in the State of California, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, knowingly and intentionally prescribed and distributed alprazolam, a Schedule IV controlled substance:

| COUNT | DATE |
|---|---|
| TEN | February 23, 2009 |
| ELEVEN | April 20, 2009 |
| TWELVE | May 27, 2009 |
| THIRTEEN | June 4, 2009 |
| FOURTEEN | July 2, 2009 |
| FIFTEEN | March 25, 2010 |
| SIXTEEN | June 4, 2010 |

COUNT SEVENTEEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(b)]

On or about July 7, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant AL BUSSAM, then a physician licensed to practice medicine in the State of California, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, together with others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly and intentionally prescribed and distributed, and caused the intentional prescription and distribution of, hydromorphone, a Schedule II narcotic drug controlled substance.

COUNT EIGHTEEN

[21 U.S.C. §§ 841(a)(1), (b)(2); 18 U.S.C. § 2(b)]

On or about July 7, 2010, in Los Angeles County, within the Central District of California, and elsewhere, defendant AL BUSSAM, then a physician licensed to practice medicine in the State of California, while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose, together with others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly and intentionally prescribed and distributed, and caused the intentional prescription and distribution of, alprazolam, a Schedule IV controlled substance.

FORFEITURE ALLEGATIONS

[21 U.S.C. § 853]

The allegations contained in Counts One through Eighteen of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging criminal forfeiture pursuant to the provisions of Title 21, United States Code, Section 853. Pursuant to Federal Rule of Criminal Procedure Rule 32.2, notice is hereby given to defendant NAZAR AL BUSSAM that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, in the event defendant NAZAR AL BUSSAM is convicted of one or more of the offenses described in Counts One through Eighteen of this Indictment. Such defendant shall forfeit to the United States the following property:

a. All right, title, and interest in --

i. any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any of the offenses described in Counts One through Eighteen; and

ii. any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any of the offenses described in Counts One through Eighteen; and

b. A sum of money equal to the total value of the property described in paragraph a above.

Pursuant to Title 21, United States Code, Section 853(p), such defendant shall forfeit substitute property, up to the value of the total amount described in paragraph a, if, as the result of any act or omission of the defendant, said property, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

ELIZABETH R. YANG
Assistant United States Attorney
Chief, Violent and Organized Crime Section

CHRISTOPHER BRUNWIN
Assistant United States Attorney
Deputy Chief, Violent and Organized Crime Section

ARIEL A. NEUMAN
BENJAMIN R. BARRON
Assistant United States Attorneys
Violent and Organized Crime Section
Organized Crime Drug Enforcement Task Force Section