1 | Benjamin N. Gluck - State Bar No. 203997
　　bng@birdmarella.com
2 | Jean Y. Rhee - State Bar No. 234916
　　jyr@birdmarella.com
3 | BIRD, MARELLA, BOXER, WOLPERT,
　　NESSIM, DROOKS & LINCENBERG, P.C.
4 | 1875 Century Park East, 23rd Floor
Los Angeles, California  90067-2561
5 | Telephone: (310) 201-2100
Facsimile: (310) 201-2110
6 |
7 | Attorneys for Defendant Nazar Al Bussam

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>NAZAR AL BUSSAM,<br><br>　　　　Defendant. | CASE NO. 10-1260-SJO<br><br>**NOTICE OF MOTION AND MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT**<br><br>Date:　June 13, 2011<br>Time:　10:00 a.m.<br>Ctrm.:　1<br><br>Estimated Time For Motion: 30 minutes<br><br>Trial Date:　　　　July 19, 2011 |

1 **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2 **PLEASE TAKE NOTICE** that, at 10:00 am on June 13, 2011, or as soon
3 thereafter as the matter may be heard, in Courtroom 1 of the above-captioned court
4 located at 312 North Spring Street, 2nd Floor, Los Angeles, California 90012,
5 Defendant Dr. Nazar Al Bussam will and hereby does move this Court pursuant to
6 Federal Rule of Criminal Procedure 7(d), for an order striking the repeated
7 references to controlled substances being sought or issued without a "legitimate
8 medical need" in the General Allegations and Count One of the Indictment.  *See*
9 Indictment at 2:5, 4:8-9, 4:14, 4:19, 4:27-28, 6:9-10, 6:15-16, 6:21, 6:26, 7:15, 7:11,
10 7:16, 7:21-22, and 8:4-5.

11 The motion is made on the ground that the phrase "legitimate medical need"
12 misstates the legal standard for a violation of 21 U.S.C. § 841(a)(1).  The correct
13 standard for criminal liability under the statute depends on the practitioner's
14 objective conduct and subjective state of mind in prescribing the controlled
15 substances.  It requires the government to prove that the practitioner distributed
16 controlled substances "outside the usual course of his professional practice and
17 without a legitimate medical purpose."  *United States v. Feingold*, 454 F.3d 1001,
18 1008 (9th Cir. 2006).  A practitioner who acts within these standards does not
19 violate the statute even if the patient has no legitimate medical need.

20 As currently drafted, however, the General Allegations and Count One
21 suggest to the jury that the focus is not on the practitioner's intent but on the
22 particular patient's medical need, regardless of the practitioner's state of mind.  Not
23 only is this erroneous and misleading, it is prejudicial to Dr. Al Bussam and
24 therefore these references should be struck.

25 / / /
26 / / /
27 / / /
28 / / /

1     The motion is based on this notice, the attached memorandum of points and authorities, the pleadings and files of this case and such additional matters as will be considered by the Court at the time of the hearing.

DATED: May 23, 2011

    Benjamin N. Gluck
    Jean Y. Rhee
    BIRD, MARELLA, BOXER, WOLPERT,
       NESSIM, DROOKS & LINCENBERG, P.C.


By: /s/
    Benjamin N. Gluck
    Attorneys for Defendant Nazar Al Bussam

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Dr. Nazar Al Bussam is charged with conspiring to distribute and distributing controlled substances in violation of 21 U.S.C. § 841(a)(1). In order to convict a medical practitioner of these charges, the government "must prove beyond a reasonable doubt that [he] *intentionally* prescribed or distributed the controlled substance[s] other than for a legitimate medical *purpose* and not in the usual course of professional practice." *United States v. Feingold*, 454 F.3d 1001, 1009 (9th Cir. 2006) (emphasis added).

The Indictment does occasionally refer to this correct standard. *See, e.g.,* Indictment at 4:21-23 ("while acting and intending to act outside the usual course of professional practice and without a legitimate medical purpose"). But much more frequently and much more prominently, the Indictment refers to an incorrect "medical need" standard. For example, the only standard referred to in the General Allegations section of the Indictment is the allegation that the patients did not "possess a legitimate medical need for the prescriptions." *See, id.* at 2:5. As fully cited below, this incorrect standard is repeated many times in the Indictment and many more times than the correct one.

In its current form, this both misstates and oversimplifies the standard for liability under § 841(a)(1). It tells the jury to focus on the wrong thing – namely whether the patient was in fact sick – and implies that this is what governs whether the statute was violated. By doing so, the language waters down the government's burden of proof by diverting the jury's attention from the true standard that requires the government to focus on the practitioner and to prove the practitioner's state of mind and the general standards of practice as compared to that state of mind. As such, the Court should grant this motion and strike all occurrences of the phrase "legitimate medical need" from the Indictment as an incorrect, confusing and prejudicial statement of law.

## II. ARGUMENT

Federal Rule of Criminal Procedure 7(d) provides that, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d). The purpose of such a motion "is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Laurienti*, 611 F.3d 530, 546 (9th Cir. 2010); *see also* Adv. Comm. Notes, Fed. R. Crim. P. 7. Improper or incomplete statements of law should be stricken. *See, e.g.*, *United States v. Gerlay*, No. 3:09-cr-085-JWS-JDR, 2009 WL 3872143 (Slip. Op. Nov. 17, 2009); *United States v. White*, 766 F. Supp. 873, 885-86 (E.D. Wash. 1991) (striking reference to chemical product as "listed hazardous waste" as misleading even though it did appear in list of "Hazardous Wastes" in 40 C.F.R. § 261.33, because certain prerequisites had to be met before it could be considered hazardous waste).

Dr. Al Bussam moves to strike the words, "legitimate medical need," from the Indictment, because this is an incorrect statement of law that lowers the government's burden of proof as to liability, focuses the inquiry in the wrong place, and would serve only to confuse the jury. Where, as here, the defendant is a medical practitioner who is registered to dispense controlled substances, the correct standard for criminal liability under 21 U.S.C. § 841(a)(1) requires the government to prove beyond a reasonable doubt that the defendant intentionally distributed controlled substances both "outside the usual course of his professional practice *and* without a legitimate medical purpose." *Feingold*, 454 F.3d at 1008 (emphasis added); *see also* 21 U.S.C. §§ 802(21), 802(56)(C), 812, & 829(c).

The sole focus of the proper inquiry is on the practitioner's objective conduct and subjective state of mind in prescribing the controlled substance. *Feingold*, 454 F.3d at 1008. As long as the practitioner is *either* acting within the "usual course of professional practice" by complying with a generally recognized standard of care *or* has issued the prescription with the good faith belief that is for a legitimate medical

purpose, no liability can lie. *Id.* at 1011.

According to the Ninth Circuit, a given approach to prescribing controlled substances is within the usual course of professional practice if there is at least "a reputable group of people in the medical profession who agree that [it] is consistent with legitimate medical treatment." *Id.* at 1011 n.3. The Ninth Circuit has further stated that a practitioner who was in fact negligent or even intentionally committing malpractice in prescribing controlled substances cannot be convicted of unlawful distribution as long as the practitioner had the good faith belief that he or she was acting for a legitimate medical purpose. *Id.* at 1010-11 (holding that a jury cannot be permitted "to convict a licensed practitioner under § 841(a) solely on a finding that he has committed malpractice, intentional or otherwise. . . . A practitioner becomes a criminal not when he is a *bad* or *negligent* physician, but when he ceases to be a physician *at all*.").

None of this inquiry turns on whether the patient has an actual "legitimate medical need." Instead, guilt or innocence turns on what the practitioner was doing and thinking, not the patient's actual medical need for the controlled substances. After all, as long as the practitioner adheres to a proper standard of care, it makes no difference that the patient did not actually need the drugs. *Id.* at 1011-13 & n.3. Similarly, a practitioner could also erroneously prescribe drugs to a patient who does not need them while acting in a (mistaken) good faith belief that the prescription was for a legitimate medical purpose, which is another complete defense. *Id.* at 1010-11.[1]

---

[1] Whether a patient had a legitimate medical need might be relevant on an evidentiary level because it could make more or less likely that the practitioner believed the patient had a certain condition. But including the reference in the Indictment as drafted tells the jury that it is the standard for violations of § 841, which is wrong.

Under such circumstances, allowing the Indictment to go to the jury with more than a dozen references to the nonexistent "legitimate medical need" standard is to invite error.  It is prejudicial to the defense because it invites jurors to judge guilt by assessing the patients' medical needs, rather than assessing Dr. Al Bussam's conduct and state of mind as is required under the law.  *See Gerlay*, 2009 WL 3872143, at * 1 (striking from indictment paragraph stating that defendant had previously admitted that he improperly wrote and misused controlled substances prescriptions and was sanctioned therefore because it was unnecessary to state a violation of 21 U.S.C. § 841(a) and unfairly prejudicial and confusing); *id*. at *2 (striking paragraph stating that state medical board had previously found his practice posed a "clear and immediate danger to the public health and safety" as unnecessary to state a violation of 21 U.S.C. § 841(a) and unfairly prejudicial and confusing). Consequently, the Court should grant this motion and strike all references to "legitimate medical need" from the General Allegations and Count One of the Indictment.

## III. CONCLUSION

The Ninth Circuit has clearly defined the standard that the jury must follow here.  The question is whether Dr. Al Bussam acted "outside the usual course of his professional practice and without a legitimate medical purpose."  If he did not do so he did not violate the statute, whether the patient actually had a legitimate medical need.  The repeated and legally incorrect references in the Indictment to controlled substances being sought or issued without a "legitimate medical need," *see* Indictment at 2:5, 4:8-9, 4:14, 4:19, 4:27-28, 6:9-10, 6:15-16, 6:21, 6:26, 7:15, 7:11, 7:16, 7:21-22, and 8:4-5, are confusing and unfairly prejudicial surplusage because

1. they improperly change the standard of liability under 21 U.S.C. § 841(a).  The
2. Court should strike these references.
3. DATED: May 23, 2011

Benjamin N. Gluck
Jean Y. Rhee
BIRD, MARELLA, BOXER, WOLPERT,
   NESSIM, DROOKS & LINCENBERG, P.C.


By: /s/
Benjamin N. Gluck
Attorneys for Defendant Nazar Al Bussam