ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (CSB 241594)
BENJAMIN R. BARRON (CSB 257094)
Assistant United States Attorneys
Violent & Organized Crime Section
OCDETF Section
     1500/1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2917/3542
     E-mail:    ariel.neuman@usdoj.gov
                ben.barron@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 10-1260-SJO |
| Plaintiff, | <u>OPPOSITION TO DEFENDANT'S MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT</u> |
| v. | |
| NAZAR AL BUSSAM, | Date: June 13, 2011 |
| Defendant. | Time: 10:00 a.m. |
| | Trial Date: July 19, 2011 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its opposition to defendant Nazar Al Bussam's Motion to Strike Surplusage from Indictment.

//
//
//
//
//

1  The United States' opposition is based on the attached
2 memorandum of points and authorities, the files and records in
3 this case, and any additional argument or evidence that it may
4 present at a hearing on this matter.

Dated: May 31, 2011            Respectfully submitted,

                               ANDRÉ BIROTTE JR.
                               United States Attorney

                               ROBERT E. DUGDALE
                               Assistant United States Attorney
                               Chief, Criminal Division


                                _/s/_____
                               ARIEL A. NEUMAN
                               BENJAMIN R. BARRON
                               Assistant United States Attorneys

                               Attorneys for Plaintiff
                               United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. INTRODUCTION

On November 19, 2010, a federal grand jury returned an indictment charging defendant Nazar Al Bussam ("defendant") with conspiring to distribute and distributing controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1).  The charges are based on evidence that defendant, a licensed medical doctor, issued prescriptions for addictive controlled substances to individuals with no legitimate medical purpose, for profit in the form of cash payments to his "clinic."  The evidence at trial will demonstrate that defendant did little or no examination or evaluation of undercover agents posing as patients before issuing to them prescriptions for Oxycodone, Hydromorphone, Hydrocodone, Alprazolam, and Promethazine with Codeine, among other controlled substances, and thus acted far outside the norms of the medical profession and only for profit.

On May 23, 2011, defendant filed a Motion to Strike Surplusage from Indictment ("Motion"), seeking to strike the words "legitimate medical need" from the indictment.  Defendant argues that this language will invite the jury to judge defendant by an incorrect legal standard.  The United States opposes defendant's Motion because the language defendant identifies does not purport to set forth the legal standard or an element of the offense.  Rather, defendant's distribution of controlled substances to "patients" without legitimate medical need is alleged as one fact among others constituting defendant's modus operand in carrying out the charged conduct.

1

## II. ARGUMENT

Federal Rule of Criminal Procedure 7(d) provides that, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information."[1] This Rule is designed to protect the defendant from "immaterial," "irrelevant," "prejudicial or inflammatory allegations that are neither relevant nor material to the charges." United States v. Laurienti, 611 F.3d 530, 546-47 (9th Cir. 2010) (citations omitted); see also United States v. Daniel, 2010 WL 749873 at *4 (C.D. Cal. 2010) (Morrow, J.) ("Motions to strike surplusage from an indictment will be granted only where the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial") (quoting United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990)); Daniel, 2010 WL 749873 at *4 (noting that "surplusage is not per se improper") (citing Jenkins, 785 F.2d at 1392). "The burden of showing that surplusage should be stricken as inflammatory and/or prejudicial rests with the defendant." Daniel, 2010 WL 749873 at *4.

Here, the parties agree that because defendant is a medical doctor, in order to convict him of the charged offenses "the government must prove beyond a reasonable doubt that the defendant intentionally prescribed or distributed the controlled substance other than for a legitimate medical purpose and not in the usual course of professional practice." United States v. Feingold, 454 F.3d 1001, 1009 (9th Cir. 2006); see Motion at 4.

---

[1] Surplusage is language that "goes beyond alleging elements of the crime." United States v. Jenkins, 785 F.2d 1387, 1392 (9th Cir. 1986).

2

Defendant does not seek to dismiss the indictment upon a claim that the charges in the indictment are improperly pled. Instead, he argues that where the indictment alleges that defendant prescribed controlled substances to individuals who did not "possess a legitimate medical need" for those substances, such language is surplusage. See, e.g., General Allegations ¶ 3; Count One, Overt Act 7.

Contrary to this argument, the indictment's allegation that the "patients" to whom defendant prescribed controlled substances had no "legitimate medical need" for the drugs is relevant to the jury's ultimate determination in this case.

> Use of words to convey the means by which a criminal scheme is carried out need not be stricken as surplusage when they are not unfairly prejudicial. If language in the indictment constitutes information that the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be as long as the information is legally relevant.

United States v. Gerlay, 2009 WL 3872143, *1 (D. Alaska 2009) (citing United States v. Climatemp, Inc., 482 F.Supp. 376 (N.D. Ill. 1979)). Here, the crux of the criminal scheme was carried out by issuing prescriptions to individuals who had no legitimate medical need for the prescribed drugs. The fact that patients did not need the controlled substances which they were prescribed by defendant is relevant to defendant's having prescribed those

drugs to those patients for an illicit purpose.[2]  Such evidence is all the more relevant in this case because the government will prove that <u>all</u> of the undercover agents for whom defendant repeatedly prescribed controlled substances had no legitimate medical need for the drugs prescribed.  Accordingly, it cannot be said that the language in the indictment is "immaterial" or "irrelevant," and defendant's motion therefore necessarily fails.  <u>Laurienti</u>, 611 F.3d at 546-47; <u>see also</u> <u>Daniel</u>, 2010 WL 749873 at *4 (denying motion to strike portions of indictment because they identified "evidence tending to prove that Daniel executed a scheme to defraud and intended to defraud identifiable victims," which was "admissible and relevant to meet the government's burden of proof").

Nor is the allegation unfairly prejudicial.  First, given that the parties apparently agree on the elements the government must prove at trial, the parties are likely to jointly urge the Court to instruct the jury using the <u>Feingold</u> standard.  Second, juries are presumed to follow the Court's instructions.  <u>See</u> <u>Richardson v. Marsh</u>, 481 U.S. 200, 206 (1987) (noting the "almost invariable assumption of the law that jurors follow their instructions").  Assuming the jury will be instructed to use the correct standard to judge the case, there is no reason to think they will do otherwise.  The language in the indictment is not confusing or ambiguous such that jurors will be misled and apply

---

[2] Defendant essentially concedes the evidentiary relevancy of this fact.  <u>See</u> Motion at 6, n. 1 ("Whether a patient had a legitimate medical need might be relevant on an evidentiary level because it could make more or less likely that the practitioner believed the patient had a certain condition.").

4

the wrong standard. Instead, the language is helpful as a guide to the United States' evidence at trial, and as part of the jury's determination of guilt or innocence under the correct standard as instructed by the Court.

Defendant's comparison of this case to Gerlay is misplaced. See Motion at 7. There, the court struck from the indictment references to 1) a prior admission by the defendant of wrongdoing in front of a medical board, and 2) that medical board's civil finding of wrongdoing by the defendant. Gerlay, 2009 WL 3872143 at *1-2. The inclusion of such prior admissions and findings of wrongdoing in the indictment in Gerlay are wholly different than the inclusion of the disputed language here. The fact that, here, the patients had no medical need for the drugs prescribed by defendant is a relevant fact that goes directly to the United States' proof at trial, whereas in Gerlay, the evidence referenced in the allegations was tangential, not necessary to prove the government's case, and at least partly potentially inadmissible under Fed. R. Evid. 404(b).

Accordingly, the words "without a legitimate medical need" are not surplusage because they are relevant to the charged offenses, and defendant will suffer no unfair prejudice by their inclusion in the indictment.

### III. CONCLUSION

For the foregoing reasons, defendant's Motion should be denied.