ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (CSB 241594)
BENJAMIN R. BARRON (CSB 257094)
Assistant United States Attorneys
Violent & Organized Crime Section
OCDETF Section
     1500/1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-2917/3542
     E-mail:  ariel.neuman@usdoj.gov
              ben.barron@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CR No. 10-1260-SJO |
|---|---|---|
| Plaintiff, | ) ) ) | **GOVERNMENT'S MEMORANDUM OF LAW REGARDING DETENTION OF DEFENDANT FOLLOWING SENTENCING** |
| v. | ) ) | |
| NAZAR AL BUSSAM, | ) ) | Sentencing Date: Oct. 5, 2011 Time: 8:30 a.m. |
| Defendant. | ) ) ) ) ) | |

    Plaintiff United States of America, by and through its attorney of record, the United States Attorney for the Central District of California, hereby files this Memorandum of Law Regarding Detention of Defendant Following Sentencing.  This Memorandum is based on the attached memorandum of points and

//
//
//

1 authorities, the files and records of this case, and any argument
2 that the Court may request on this issue at the sentencing
3 hearing in this matter.

Dated: September 19, 2011       Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

  /s/
ARIEL A. NEUMAN
BENJAMIN R. BARRON
Assistant United States Attorneys

Attorneys for Plaintiff
United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   INTRODUCTION

Defendant Nazar Al Bussam ("defendant") is scheduled to be sentenced on October 5, 2011, following his guilty plea to eighteen separate counts of conspiring to distribute and distributing controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1).  As part of his plea agreement, defendant, a licensed medical doctor, admitted that on nine separate occasions he issued prescriptions for numerous addictive controlled substances without a legitimate medical purpose and outside the scope of professional practice.  The plea agreement did not contain any agreement between the parties regarding the appropriate sentencing range or sentencing guidelines calculation.[1]

Defendant has been released on bond since shortly after his arrest.  Following defendant's guilty plea, the United States moved the Court to detain defendant immediately pursuant to 18 U.S.C. § 3143(a)(2), which mandates that when a person has been convicted of an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. § 801 et seq.), "[t]he judicial officer shall order . . . [that person] be detained."  § 3143(a)(2) (citing

---

[1] Pursuant to the plea agreement and the consent of the Court, defendant entered a "conditional plea" whereby he may appeal the Court's ruling on the United States' "Motion *In Limine* to Exclude Testimony or Argument that Doctors May Legally Prescribe Narcotic Controlled Substances to Treat Drug Addiction or Withdrawal or That Doctors are Not Legally Obligated to Comply with Governing Regulations" (docket #128).  If defendant prevails on appeal, defendant would be allowed to withdraw defendant's guilty pleas.  Id.

§ 3142(f)(1)(C)).[2] Defendant has been convicted of ten such offenses. See Indictment Counts 1 through 9, 17. The Court denied the United States' motion, citing § 3145(c) and finding "exceptional reasons why [defendant's] detention would not be appropriate" in the fact that defendant had two years prior suffered from stomach cancer, and that defendant had a scheduled appointment in September with his treating oncologist to determine whether the cancer had returned. The Court found that defendant's need to have such consultation with an oncologist familiar with the particulars of his condition satisfied the requirements of § 3145(c).

The United States Probation Office prepared a Presentence Report ("PSR"), which was disclosed to the parties on September 1, 2011. The PSR calculated the total offense level as to be 38. PSR ¶¶ 26-42. The PSR also calculated a criminal history category of I, based on zero criminal history points. PSR ¶¶ 46-47. The sentencing guideline range applicable to defendant based on this calculation is 235-293 months imprisonment. The Probation Officer's recommended sentence was not disclosed to the parties.

Based on the offenses of which defendant has been convicted and the resulting guidelines calculation, the United States submits that it is reasonable to expect that defendant will be sentenced to a term of imprisonment, and so files this Memorandum

---

[2] The parties agreed that the exceptions to the mandate of § 3243(a)(2), namely if there is a substantial likelihood that a motion for acquittal or new trial would be granted or that an attorney from the government has recommended that no sentence of imprisonment be imposed, did not apply.

1  in anticipation.  As explained below, if defendant is sentenced
2  to a term of imprisonment, the Court is required to detain him
3  immediately.  The United States respectfully submits that, based
4  on the information available to date, the § 3145(c) exception
5  does not apply and defendant should be detained upon announcement
6  of sentence.
7              II.  LEGAL FRAMEWORK APPLIED TO THIS CASE
8       As noted above, 18 U.S.C. § 3143(a)(2) required the Court to
9  detain defendant upon his conviction of Counts One through Nine,
10 and Seventeen, of the indictment, except upon a finding of
11 "exceptional circumstances."  Section 3143(b)(2) imposes the same
12 mandate on the Court at the time of sentencing, if it sentences
13 defendant to a term of imprisonment, no matter whether an appeal
14 is filed or contemplated.  Again, only in the case of
15 "exceptional circumstances" may this requirement be suspended.
16 18 U.S.C. § 3145(c); United States v. Garcia, 340 F.3d 1013, 1022
17 (9th Cir. 2003); United States v. Koon, 6 F.3d 561, 562 (9th Cir.
18 1993).  To qualify for post-conviction and post-sentencing relief
19 from the mandate of § 3143, "[d]efendant has the burden of proof
20 and it is an exacting one, requiring the defendant to 'clearly
21 show[]' that § 3145(c) has been satisfied."  United States v.
22 Bonczek, 2009 WL 2924220, *2 (S.D.N.Y. 2009) (quoting 18 U.S.C.
23 § 3145(c)); see also United States v. Jones, 2011 WL 3332856, *2
24 (D.D.C. 2011) (defendant has burden to show "exceptional
25 circumstances"); Garcia, 340 F.3d at 1015 ("As to such offenders,
26 Congress has imposed an additional condition: Persons subject to
27 the 1990 Act are not eligible for release unless 'it is clearly
28

shown that there are exceptional circumstances why ... detention would not be appropriate.'").

As the Ninth Circuit has noted, "[t]he general rule must remain that conviction for a covered offense entails immediate incarceration." Garcia, 340 F.3d at 1022. Exceptional circumstances exist only where there is "a unique combination of circumstances giving rise to situations that are out of the ordinary." United States v. DiSomma, 951 F.2d 494, 497 (2d Cir. 1991); see also United States v. Lippold, 175 F.Supp.2d 537, 540 (S.D.N.Y.2001) (collecting cases and noting that "circumstances that are 'purely personal' do not typically rise to the level of 'exceptional' warranting release"). Indeed, "[h]ardships that commonly result from imprisonment do not meet the standard. . . . Only in truly unusual circumstances will a defendant whose offense is subject to the statutory provision be allowed to remain on bail pending appeal." Garcia, 340 F.3d at 1022. Courts are to "examine the totality of the circumstances and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors (bearing in mind the congressional policy that offenders who have committed crimes [noted in § 3143] should not, except in exceptional cases, be released pending appeal) it would be unreasonable to incarcerate the defendant prior to the appellate court's resolution of his appeal." Id. at 1019.

The only potentially relevant circumstance identified by defendant in this case for the Court when determining whether "exceptional circumstances" exist,

4

> is a sufficiently serious illness or injury. A severely ill or injured defendant might have exceptional reasons even if the requisite medical treatment is available in prison. [The Court] may consider such factors as the desirability of maintaining an uninterrupted course of treatment while a defendant remains in the care of a particular physician who is providing individual medical supervision to the patient. Although a defendant may ultimately be forced to serve a prison sentence regardless of his health, it may be unreasonable to force him to begin his sentence prior to the resolution of his appeal.

Id. at 1019-20.[3] However, the fact that a defendant once had cancer and may yet develop it again does not qualify as an "exceptional circumstance." United States v. Scott, 2008 WL 5244538, *3 (W.D.N.C.) (W.D.N.C. 2008) (finding that diagnosis of prostate cancer in remission, lack of criminal record, ties to community, and compliance with bond conditions do not qualify as "exceptional circumstances"); United States v. Evans, 2007 WL 3355013, *5-6 (N.D. Ohio 2007) (cancer in remission not an "exceptional circumstance"). Further, any chronic but common

---

[3] Any argument that defendant's conduct was "aberrational," another factor identified by the Garcia court as potentially relevant to the "exceptional circumstances" determination is belied by the fact that the drug distribution scheme in which defendant engaged lasted for more than two years.

The Ninth Circuit has also recognized that "exceptional circumstances" may exist where "there appears to be an unusually strong chance that the defendant will succeed in obtaining a reversal of his conviction on appeal." Garcia, 340 F.2d at 1020. However, as this Court recognized, Ninth Circuit case law on point supported the government's motion. See Order, Docket No. 155 at 6 ("[T]his Court is bound by the law, as stated in Hayes, to find that '[n]arcotic withdrawal or addiction is not a sufficient medical condition justifying the prescribing or administering of a narcotic controlled substance.'"). Since the three-judge appellate panel will be equally bound to apply Ninth Circuit precedent, see Miller v. Gammie, 335 F.3d 889, 893 (9th Cir. 2003), defendant certainly does not have an "unusually strong chance" of success on appeal.

5

illnesses defendant may have do not qualify as an "exceptional circumstance." <u>United States v. Willis</u>, 2011 WL 1542140, *3 (W.D.N.C. 2011).

To date, there is no evidence before the Court that defendant is currently suffering from a "sufficiently serious illness or injury" – or any illness or injury at all - which would qualify as an "exceptional circumstance." Nor is there any evidence that maintaining a course of treatment in the care of a particular physician is sufficiently necessary to so qualify. Indeed, other than defendant's statement at the time of his guilty plea that he had a September 2011 appointment with an oncologist regarding worrisome blood tests, there is no evidence about defendant's medical condition before the Court at all. As indicated above, the fact that defendant's cancer *may* at some point return is neither unusual or exceptional, and does not qualify under § 3145(c). Accordingly, the United States respectfully submits that unless defendant "clearly show[s]" that "exceptional circumstances" exist which would allow the Court to ignore the congressional mandate of § 3143, defendant should be detained at the time sentence is announced and imposed.[4]

---

[4] On September 16, 2011, defense counsel informed government counsel that defendant had undergone a colonoscopy that did not return any sign of cancer, though a second blood test indicated the possibility of a tumor. According to defense counsel, defendant is scheduled to meet with his doctor on the week of September 19 to discuss further testing. Accordingly, as of the writing of this motion, there remains no evidence clearly showing "exceptional circumstances" supporting release pending appeal. The United States will respond to any evidence defendant may present prior to the time of sentencing.

### III.  CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court detain defendant upon the imposition of sentence should the Court impose a term of imprisonment.