# United States District Court
## Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**    CR 10-01260-SJO |
| **Defendant**    AL BUSSAM, Nazar | **Social Security No.**   8   3   1   3 |
| akas: Nazar Mohamed Hussain Al Bussam | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| Oct. | 5, | 2011 |

**COUNSEL**    [x] WITH COUNSEL      Benjamin N. Gluck and Jean Y. Rhee, retained
(Name of Counsel)

**PLEA**    [x] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.    [ ] **NOLO CONTENDERE**    [ ] **NOT GUILTY**

**FINDING**    There being a finding/verdict of [x] **GUILTY,** defendant has been convicted as charged of the offense(s) of:

**21 USC § 846** Conspiracy to Distribute Oxycodone, Hydromorphone, Hydrocodone, Alprazolam, and Promethazine with Codeine as charged in count one (1) of the Indictment.
**21 USC § 841 (a)(1), (b)(1)(E)** Distribution of Oxycodone, Hydromorphone, Hydrocodone, and Alprazolam as charged in count two (2) of the Indictment.
**21 USC § 841 (a)(1), (b)(1)(C)** Distribution of Oxycodone, Hydromorphone, Hydrocodone, and Alprazolam as charged in counts three through nine (3-9), inclusive, of the Indictment.
**21 USC § 841 (a)(1),(b)(2)** Distribution of Oxycodone, Hydromorphone, Hydrocodone, and Alprazolam as charged in counts ten through sixteen (10-16), inclusive, of the Indictment.
**21 USC § 841 (a)(1),(b)(1)(C), 18 USC § 2(b)** Distribution of Oxycodone, Hydromorphone, Hydrocodone, and Alprazolam and Causing an Act to Be Done as charged in counts seventeen through eighteen (17-18) of the Indictment.
**21 USC § 853** Criminal Forfeitures (19) as charged in count nineteen (19) of the Indictment.

**JUDGMENT AND PROB/ COMM ORDER**    The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

It is ordered that the defendant shall pay to the United States a special assessment of $1,800, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

It is Ordered that the defendant shall pay to the United States a total fine of $125,000. The total fine shall bear interest as provided by law.

The fine shall be paid in full immediately.

The defendant shall comply with General Order No. 01-05.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Nazar Al Bussam, is hereby committed on Counts 1 through 18 of the Indictment to the custody of the Bureau of Prisons for a term of 84 months. This term consists of 84 months on each of counts 1, 3

| USA vs. **AL BUSSAM, Nazar** | Docket No.: **CR 10-01260-SJO** |
|---|---|

through 9, and 17, 84 months on count 2, and 60 months on each of counts 10 through 16 and 18 of the 18-Count Indictment, all such terms to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years. This term consists of three years on each count of the 18-Count Indictment, all such terms to run concurrently, under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 05-02;

2. The defendant shall not commit any violation of local, state or federal law or ordinance;

3. During the period of community supervision the defendant shall pay the special assessment and fine in accordance with this judgment's orders pertaining to such payment;

4. The defendant shall not practice medicine or prescribe medicine, under any circumstances;

5. The defendant shall not work in or otherwise enter a medical facility, including a hospital, medical clinic, or medical office, except for medical treatment for Al Bussam or one of his immediate family members;

6. Upon the defendant's final conviction, the defendant shall cooperate with, and not contest or oppose, any prospective administrative action to revoke his professional license or Drug Enforcement Administration registration;

7. The defendant shall voluntarily relinquish and give up any and all licenses and registrations to practice medicine and/or prescribe controlled substances which he holds, whether in the State of California or any other state or country, at the earliest possible date following conclusion of all appeals; and

8. The defendant shall cooperate in the collection of a DNA.

In regards to count nineteen (19) of the indictment, the Court Orders the following: Pursuant to defendant's convictions on Counts One through Eighteen, the notice of forfeiture in the indictment and 21 U.S.C. 853, the defendant has forfeited all of his right, title, and interest in the following property:

1.      $111,554.31 in bank funds from Wells Fargo Bank account number xxxxxx1003;

USA vs.  **AL BUSSAM, Nazar**                                    Docket No.:  **CR 10-01260-SJO**

2. $101,910.64 in bank funds from Wells Fargo Bank account number xxxxxx6613;
3. $101,074.03 in bank funds from Wells Fargo Bank account number xxxxxx0177;
4. $62,547.51 in bank funds from Bank of America account number xxxxx-x0600;
5. $20,353.82 in bank funds from Wells Fargo Bank account number xxxxxx0024;
6. $20,001.88 in bank funds from Wells Fargo Bank account number xxx-xxx3976;
7. $7,908.30 in bank funds from Wells Fargo Bank account number xxx-xxx4504;
8. $1,194.15 in bank funds from Wells Fargo Bank account number xxxxxx2511;
9. $777.05 in bank funds from Bank of America account number xxxxx-x2827;
10. $24,400.00 in U.S. currency.

The Court advises that the sentence imposed was base on the 3553 factors and not on a guideline analysis.  The Court advises that if the information in the Los Angeles Times article had been properly before the court and proved true defendant's sentence would have been exceedingly higher.

The Court advises the defendant of his right to appeal.

The Court Orders defendant remanded into custody forthwith.  The Court finds that defendant detention is mandatory pursuant to 18 U.S.C. § 3143.  Additionally, the Court cannot find that there is no risk of flight or danger and a substantial question of law or fact exists likely to result in reversal or a sentence of less time.  Finally the Court is satisfied that defendant's medical condition can be addressed by the Bureau of Prisons and there are no exceptional reasons why imediate detention is not inappropriate.

The bond is exonerated.

The Court recommends that the defendant shall be incarcerated in facility in Southern California for low-risk offenders.

| USA vs. | **AL BUSSAM, Nazar** | Docket No.: | **CR 10-01260-SJO** |
|---|---|---|---|

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| October 5, 2011 | | S. James Otero | |
|---|---|---|---|
| Date | | U. S. District Judge/Magistrate Judge | |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Terry Nafisi, Clerk

| October 5, 2011 | By | Victor Paul Cruz | |
|---|---|---|---|
| Filed Date | | Deputy Clerk | |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

| [x] | The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below). |
|---|---|

| USA vs. **AL BUSSAM, Nazar** | Docket No.: **CR 10-01260-SJO** |
|---|---|

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

### SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

| USA vs. | **AL BUSSAM, Nazar** | Docket No.: | **CR 10-01260-SJO** |
|---|---|---|---|

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
Date           Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____
Filed Date           Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____
Defendant           Date

_____
U. S. Probation Officer/Designated Witness           Date